**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4016

ROBERT BENTON, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4017

GLORIA A. MCCUTCHEON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4033

LEON BRANT,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4043

MARY BENTON NEWTON,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-866)

Submitted: April 28, 2000

Decided: May 23, 2000

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James T. McBratney, Jr., Florence, South Carolina; W. Rhett Eleazer,
ELEAZER LAW FIRM, L.L.P., Columbia, South Carolina; James D.
Dotson, Jr., Lake City, South Carolina; Louis H. Lang, CALLISON,
TIGHE & ROBINSON, L.L.P., Columbia, South Carolina, for Appel-
lants. J. Rene Josey, United States Attorney, William E. Day, II,
Assistant United States Attorney, Thomas E. Booth, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Robert Benton and Gloria McCut-
cheon appeal their convictions and sentences for conspiracy to pos-

2

sess with intent to distribute cocaine and crack in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1), 846 (West 1999). Benton and Leon Brant appeal their convictions and sentences for possession of a firearm by a felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1999) and use of a firearm in relation to a crime of violence in violation of 18 U.S.C.A. §§ 2, 924(c) (West 1994 & Supp. 1999). Benton, McCutcheon, Brant, and Mary Benton Newton appeal their convictions and sentences for the attempted murder of a government witness with the intent to prevent him from testifying at trial in violation of 18 U.S.C.A. §§ 2, 1512(a)(1) (West 1994 & Supp. 1999). We have reviewed the record and the parties' submissions and find no reversible error.

No. 99-4016: Benton contends the court erred in admitting evidence in violation of Fed. R. Evid. 404(b). We find the court did not abuse its discretion in admitting the testimony of Kent Brown and Lafayette Bradford. See United States v. Mark , 943 F.2d 444, 447 (4th Cir. 1991). We conclude that the testimony was admissible under Rule 404(b) to show Benton's motive and intent. See Fed. R. Evid. 404(b); United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993).

No. 99-4017: McCutcheon's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but arguing that there was insufficient evidence to convict McCutcheon of attempted murder of a government witness. Although McCutcheon was informed of her right to file a supplemental brief, she has not done so. Our review of the record reveals that when construed in the light most favorable to the Government, there was sufficient evidence to support McCutcheon's jury conviction under 18 U.S.C.A. §§ 2, 1512(a)(1). See Glasser v. United States, 315 U.S. 60, 80 (1942).

Pursuant to Anders, this court has reviewed the record for potential error and has found none. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

No. 99-4033: Brant contends that (1) the court abused its discretion in denying his motion for a severance and (2) the court erred in sentencing him to the maximum penalty provided for under the statute of conviction. We find the court did not abuse its discretion in denying a severance because Brant failed to demonstrate a miscarriage of justice in being tried with the other defendants. See United States v. Brugman, 655 F.2d 540, 543 (4th Cir. 1981). Furthermore, we find no error in the court's sentencing Brant to the maximum penalty under 18 U.S.C.A. § 1512(a). See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

No. 99-4033: Newton argues that (1) the court abused its discretion in denying her motion for a mistrial based upon admission of Rule 404(b) evidence without prior notification; (2) there was insufficient evidence to support her conviction for aiding and abetting in the attempted murder of a government witness with intent to prevent him from testifying; (3) the court abused its discretion in refusing to give a requested jury instruction concerning aiding and abetting; (4) the court misapplied the Sentencing Guidelines in refusing to reduce her offense level for being an accessory-after-the-fact to an obstruction of justice offense.

We find the court did not abuse its discretion in denying Newton's motion for a mistrial. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). Although Newton elected not to have it read, the court offered a curative instruction, which was a less drastic alternative to declaring a mistrial. See United States v. Hayden, 85 F.3d 153, 157 (4th Cir. 1996); United States v. Smith, 44 F.3d 1259, 1268 (4th Cir. 1995).

Furthermore, we conclude there was sufficient evidence to support Newton's conviction for aiding and abetting the attempted murder of Knight. See Glasser, 315 U.S. at 80. We also conclude that the court did not abuse its discretion in refusing to give Newton's requested jury instruction because the requested instruction was substantially covered by the charge actually given to the jury. See United States v. Lewis, 53 F.3d 29, 32-33 (4th Cir. 1995). Finally, we find the court properly sentenced Newton under the guideline for witness tampering by attempted murder. See U.S. Sentencing Guidelines Manual,

4

§ 1B1.2 (1997); See United States v. Lambert, 994 F.2d 1088, 1091 (4th Cir. 1993).

Accordingly, we affirm all Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED